## ROBINSON v. HAGUE.

## SAME v. McCONNELL.

## SAME v. WIREMAN.

1. **Dower:** IN SCHOOL LANDS UNDER CONTRACT: SUBSEQUENT PURCHASERS WITHOUT NOTICE. Purchasers of school lands from the patentees of the state are not chargeable with notice of the records of the school-fund commissioner relating to contracts prior to the patents; and, where such purchasers have had no actual notice of facts entitling the widow of a contractor with the school-fund commissioner to a dower interest in the lands, her claim for dower as against them must be denied.

*Appeal from Story District Court.*

TUESDAY, APRIL 22.

ACTIONS for the admeasurement of dower. They involve the same questions of law, and may be disposed of together.

The different tracts of land in question were formerly school land. At one time one Robert H. Robinson, who was the husband of the plaintiff, but now deceased, held contracts of purchase of these lands from the school-fund commissioner. He never succeeded, however, in paying for the lands in full, and sold and assigned his contracts to others, who paid what

was due and acquired patents.   The plaintiff did not join her husband in any of the assignments.   The defendants hold respectively by purchase under the patents, and did not have at the time they purchased any notice, actual or constructive, that Robert H. Robinson ever had any interest in the land, or that the plaintiff claimed any interest therein, except what might be inferred from the records; and they had no actual knowledge of the records; and no records, except those originally kept by the school-fund commissioner, and now kept by the county auditor, show that Robert H. Robinson had any interest.   The foregoing facts appear by stipulation.   The court dismissed the plaintiff's several petitions, and she appeals.

*J. L. Dana*, for appellant.

*Dyer & Fitchpatrick* and *Funson & Gifford*, for appellees.

ADAMS, J.—Whether the plaintiff became dowable in an equitable interest of the character of the one in question, and of which her husband did not die seized, we need not determine.   Her right, if she had any, we think became divested by the sale to the defendants under the circumstances shown. They appear, so far as we can see, to have been innocent purchasers.   They were not charged, we think, with constructive notice of any records behind the patent.   That was the source of legal title, so far as purchasers are concerned, and we think that the defendants had a right to assume, in the absence of any actual knowledge to the contrary, that the patent did not pass subject to any equitable interest which antedated it.

We do not say that a widow may not assert a dower interest, or interest as distributee, against a purchaser ignorant of her marriage.   Had the defendants had knowledge, actual or constructive, of any interest owned by Robert H. Robinson, in which the plaintiff under any circumstances might have dower, they might perhaps have been put upon inquiry as to whether he did not, during the time he owned such interest,

have a wife. But they could not be regarded as put upon inquiry in regard to a possible dower interest in some wife of whose husband they had no knowledge actual or constructive. We think that the plaintiff's petitions were rightly dismissed.

AFFIRMED.